UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62578-CIV-COHN/SELTZER

ARTURO ALEJANDRO GRADILLA ABUNDIS
a/k/a ARTURO ABUNDIS, an individual,

    Plaintiff,

v.

SCOTT J. ISRAEL, in his official capacity as
Sheriff of Broward County, Florida,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Withdraw § 1983 Claim and to Remand Case to State Court [DE 21] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises.

**I.   BACKGROUND**

Plaintiff Arturo Alejandro Gradilla Abundis commenced this action in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, on March 5, 2013, alleging that a deputy of the Broward County Sheriff's Office sexually assaulted him on three separate occasions. DE 1 at 27–39. The Complaint asserts three causes of action upon these facts: (1) negligent retention; (2) negligent supervision; and (3) a claim under 42 U.S.C. § 1983 on substantially the same basis. Id. at 33–38. Plaintiff served Defendant with the Complaint on November 5, 2013. DE 1 at 2. On November 26, 2013, Defendant removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331, as the Complaint includes a claim under

42 U.S.C. § 1983.  Id.  Defendant has filed a motion to dismiss Plaintiff's claims on the merits, which remains pending.  See DE 7.

In the Motion, Plaintiff seeks voluntary dismissal of his section 1983 claim and to remand the remaining claims to state court.  Because Defendant has served neither an answer nor a motion for summary judgment, dismissal of the section 1983 claim is appropriate pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  In the absence of the section 1983 claim, only state-law claims remain.  The Court will consider Plaintiff's request to remand in this context.

## II.  LEGAL STANDARD

In a proceeding before a district court upon a federal cause of action, the court has substantial discretion in determining whether to exercise supplemental jurisdiction over pendent state-law claims.  28 U.S.C. § 1367; Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088–89 (11th Cir. 2004) (per curiam).  This discretion survives even where all federal claims are dismissed.  Raney, 370 F.3d at 1088–89; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1567–68 (11th Cir. 1994).  Ordinarily, when the federal claims are eliminated before trial, the district court should decline to exercise jurisdiction over the remaining state-law claims.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  Nevertheless, the decision ultimately rests within the district court's discretion, to be guided by considerations of judicial economy, fairness, comity, and convenience. Id.; see also Casey v. City of Miami Beach, 805 F. Supp. 2d 1361, 1362 (S.D. Fla. 2011) (declining to remand where factors favored retention of jurisdiction though federal claims were dismissed).

## III.  DISCUSSION

Plaintiff seeks remand of his state-law claims, arguing that state-law issues predominate in this action and that all claims over which the Court had original jurisdiction have been dismissed.  The Court agrees with Plaintiff that remand of state-law claims is ordinarily appropriate when a district court has dismissed all federal claims prior to trial.  Nevertheless, the Court finds that considerations of judicial economy, fairness, comity, and convenience, taken together, weigh against remand in this case.

Remand of this action would not serve the interests of judicial economy.  This case has progressed little since its commencement almost one year prior, due in large part to Plaintiff's own delay in service of the Complaint.  Upon being served, Defendant acted diligently in removing the action to federal court and challenging the merits of the Complaint by way of a motion to dismiss.  Instead of defending the legal sufficiency of his allegations and allowing this case to move forward, however, Plaintiff has drawn out the response period relating to the motion to dismiss (see DE 18 at 2), and now seeks to return the case to state court.  This remand, of course, would result in another postponement of litigation as the transfer was accomplished, and taken in context suggests another step in a strategy of delay.  In contrast, if the Court retains jurisdiction, Plaintiff must respond to Defendant's motion to dismiss, and the case will proceed or fail on its merits in an expeditious fashion.

Fairness similarly counsels against remand.  Plaintiff's federal and state-law claims rely upon similar facts and legal theories relating to Defendant's alleged failures of hiring and supervision.  See DE 1 at 33–38.  Plaintiff could have raised only state-law claims, but also decided to assert an accompanying federal cause of action.  Plaintiff is

3

"master of the complaint," <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 398–99 (1987), and must bear the consequences of the tactical decision to include a federal claim—thereby risking removal—within his pleading.  Defendant, on the other hand, has properly removed this action, and now challenges the Complaint on its merits.  Fairness requires that Defendant be allowed to maintain his challenge to the legal and factual basis of this action, instead of enduring yet another period of delays as the case wends its way back to the state court system.  Nor will Plaintiff suffer any prejudice by being required to demonstrate a basis for its claims before this Court, which is an ample forum for the resolution of this action.

Comity ordinarily favors the resolution of state-law claims before state tribunals.  State-law claims for negligent retention and supervision arising from the alleged wrongdoing of law-enforcement officers, however, often come before this Court paired with section 1983 claims.  The Court is familiar with the handling of such claims, which infrequently pose novel issues of law.  Therefore, the Court is unlikely to usurp the role of Florida's courts in crafting the state's jurisprudence by retaining the claims.  <u>Cf.</u> <u>Hardy v. Birmingham Bd. of Educ.</u>, 954 F.2d 1546, 1553 (11th Cir. 1992) (holding that comity favors remand where pendent claims implicate novel issues of state law).  Considerations of comity therefore do not weigh heavily against the retention of jurisdiction by this Court.

Finally, continued litigation before this Court will not inconvenience the parties.  Plaintiff resides in Broward County, Florida. DE 1 at 27.  Defendant is Sheriff of Broward County.  <u>Id.</u>  The events alleged in the Complaint occurred in Broward County.  <u>Id.</u> at 27–33.  The parties and any witnesses or evidence are therefore concentrated in

Broward County.  This Court, located in the heart of Broward County, is a convenient forum as any in which to try the case.

In sum, the Court finds that considerations of judicial economy, fairness, comity, and convenience, taken together, weigh in favor of retaining jurisdiction over this action, notwithstanding the voluntary dismissal of Plaintiff's sole federal claim.  It is accordingly

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Withdraw § 1983 Claim and to Remand Case to State Court [DE 21] is **GRANTED in part** and **DENIED in part**.  Count III of the Complaint, brought pursuant to 42 U.S.C. § 1983, is hereby **DISMISSED**.  The Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of January, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF